488 F.3d 1215
 FORD MOTOR COMPANY, Plaintiff-Appellee,
v.
Joe R. TODECHEENE, as the surviving natural parent of Esther Todecheene, deceased; Mary Todecheene, as the surviving natural parent of Esther Todecheene, deceased, Defendants-Appellants, and
Navajo Nation District Court; Leroy S. Bedonie, The Honorable, Defendants.
Ford Motor Company, Plaintiff-Appellee,
v.
Joe R. Todecheene, as the surviving natural parent of Esther Todecheene, deceased; Mary Todecheene, as the surviving natural parent of Esther Todecheene, deceased, Defendants, and
Navajo Nation District Court; Leroy S. Bedonie, The Honorable, Defendants-Appellants.
 No. 02-17048.
 No. 02-17165.
 United States Court of Appeals, Ninth Circuit.
 Filed June 4, 2007.
 
 Vaughn Crawford, Andrew S. Ashworth, Snell & Wilmer, LLP, Phoenix, AZ, Richard A. Derevan, Troy L. Booher, Snell & Wilmer, LLP, Costa Mesa, CA, for Ford Motor Company.
 Edward D. Fitzhugh, Law Offices of Edward D. Fitzhugh, Tempe, AZ, for Joe R. Todecheene and Mary Todecheene.
 Marcelino Rodolfo Gomez, Luraline D. Tapahe, Navajo Nation Department of Justice, Window Rock, AZ, for Navajo Nation District Court.
 Before: BARRY G. SILVERMAN, W. FLETCHER, and JOHNNIE B. RAWLINSON, Circuit Judges.
 
 AMENDED ORDER
 
 1
 The order filed February 1, 2007, is hereby amended. The entire text shall be replaced with the following text.
 
 
 2
 Joe and Mary Todecheene's Petition for Rehearing is GRANTED in part.
 
 
 3
 The opinion in this case, Ford Motor Company v. Todecheene, 394 F.3d 1170 (9th Cir.2005) is WITHDRAWN.
 
 
 4
 The tribal court did not "plainly" lack jurisdiction under the second exception, recognized in Montana v. United States, 450 U.S. 544, 565, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981), to the general rule that tribes do not have jurisdiction over non-members. See Boozer v. Wilder, 381 F.3d 931, 935 (9th Cir.2004) (requiring exhaustion unless the tribal courts plainly lack jurisdiction). As such, the appeal is stayed until Ford exhausts its appeals in the tribal courts. The panel retains jurisdiction over the appeal. Ford will be deemed to have exhausted its tribal remedies once the Navajo Nation Supreme Court either resolves the jurisdictional issue or denies a petition for discretionary interlocutory review pursuant to Navajo Nation Code tit. 7, § 303 ("The Supreme Court [of the Navajo Nation] shall have the power to issue any writs or orders . . . [t]o prevent or remedy any act of any Court which is beyond such Court's jurisdiction."). The parties shall notify this court no later than 15 days from the date the Navajo Nation Supreme Court either denies a petition for discretionary review, or, if the Navajo Nation Supreme Court grants such a petition, the issuance of its opinion resolving the jurisdictional question.
 
 
 5
 The petitions for rehearing en banc filed by Joe and Mary Todecheene and the Navajo Nation are DENIED as moot, and the petitions for rehearing and rehearing en banc filed by Ford Motor Company are DENIED.